<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 15-7871**

───────────

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

COREY RICHARDSON,

        Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, District Judge. (1:05-cr-00597-RDB-1; 1:12-cv-01514-RDB)

───────────

Submitted: June 23, 2016           Decided: June 28, 2016

───────────

Before MOTZ, KING, and WYNN, Circuit Judges.

───────────

Dismissed by unpublished per curiam opinion.

───────────

Corey Richardson, Appellant Pro Se. Bonnie S. Greenberg, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Corey Howard Richardson seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2255 (2012) motion. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85.

We have independently reviewed the record and conclude that Richardson has not made the requisite showing.[*] Accordingly, we

---

[*] Richardson also argues that two of his convictions were invalidated by Johnson v. United States, 135 S. Ct. 2551 (2015). Although issues raised for the first time on appeal are generally waived, Robinson v. Equifax Info. Servs., LLC, 560 F.3d 235, 242 (4th Cir. 2009), because of the impending deadline (Continued)

2

deny a certificate of appealability, deny Richardson's motions to appoint counsel and for a transcript at Government expense, and dismiss the appeal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED

---

to file a Johnson claim, we consider Richardson's claim. Because the conviction underlying Richardson's 18 U.S.C. § 924(c) (2012) conviction was a drug offense rather than a crime of violence, and his sentence enhancements were also based on prior felony drug distribution convictions, Johnson is inapposite, and he is entitled to no relief.